**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

———————————

LUKE REHNBERG,
BARBARA REHNBERG,
DEER MOUNTAIN ART,

       Plaintiffs,

      v.                                   Civil No. 11cv645 WJ/RHS

OFFICEMAX INCORPORATED,

       Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANT'S
MOTION TO DISMISS AMENDED COMPLAINT**

      THIS MATTER comes before the Court upon a Motion to Dismiss Amended Complaint
**(Doc. 12)** filed by Defendant OfficeMax Incorporated ("OfficeMax"), filed on September 19,
2011.  This is a breach of contract case based on diversity jurisdiction under 28 U.S.C. § 1332.
The Court held oral argument on this motion, and, having considered the parties' briefs and the
applicable law, I find that Defendant's motion is well-taken in part with regard to Plaintiffs'
fraud claim in Count II, and not well-taken with regard to the remaining issues in the motion.

**Background**

      Plaintiffs Luke and Barbara Rehnberg are owners of Deer Mountain Art, a sole
proprietorship which entered into an oral agreement with OfficeMax to produce the prints and
greeting cards that Deer Mountain Art sold.   Plaintiffs paid a third party to have their work
digitized in order to produce some of the art on CDs.  Plaintiffs gave the CDs to OfficeMax
along with a binder containing several original artworks from which OfficeMax could make
prints on demand.  The Rehnbergs would be able to place orders by telephone and arrange to

collect the new prints as ordered.

According to the Amended Complaint, the CDs and binder provided by Plaintiffs were the sole source of the artwork.  The parties conducted business as arranged from May to August of 2007.   On or about August 7, 2007, Plaintiffs contacted Defendant and were informed that Defendant no longer had the CDs and binder of Plaintiffs' original artwork.  Plaintiffs' calls to the OfficeMax district manager and legal department went unanswered.

Three years later, at the end of August, 2011 (thirty-five days after filing the original complaint), OfficeMax contacted Plaintiffs and informed them that the electronic images (assumed to be Plaintiffs' CDs) had been found and would be returned.  Plaintiff alleges that the binder and CDs contained the most popular works of Deer Mountain Art, and that loss of those works resulted in a 75% drop in earnings between 2007 and 2008, and a further 10% decrease for 2009.   Plaintiffs assert that they have not been unable to recoup the losses.  While they now have a new supplier for their print work, a lack of funds prevented them from participating in art shows and events, as well as from producing new digital images.

The Amended Complaint alleges Breach of Contract (Count I); Fraud (Count II); Negligence (Count III); and Conversion by Loss (Count IV).   Defendant moves for dismissal under Fed.R.Civ.P. 9(c) and 12(b)(6) of Plaintiffs' claims for fraud, negligence and conversion, contending that Plaintiffs fail to plead fraud with the requisite particularity, and that the negligence and conversion claims are barred by the economic loss rule.

**Discussion**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). A complaint fails to state a claim when it makes conclusory allegations of liability without supporting factual content. *See Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). A complaint must set forth sufficient facts to raise a plausible inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. 1955, 1965 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotations omitted). Furthermore, while the court must accept all the factual allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950.

## I.      Fraud Claim (Count II)

Defendant argues that the assertions of fraud in the Amended Complaint fail the *Twombly/Iqbal* implausibility test, and that the claim is not pleaded with required particularity under Rule 9(b). Rule 9(b) requires that, in alleging fraud or mistake, a party must state with particularity "the circumstances constituting fraud or mistake." The purpose of the rule is "not to reintroduce formalities to pleading, but is instead to provide defendants with a more specific form of notice as to the particulars of their alleged misconduct." *See, e.g., United States ex rel Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 503 (6th Cir. 2007); *Steadman v. Turner*, 84 NM 738 (Ct.App. 1973) (The allegations should leave no doubt in the defendants' mind as to the claim being asserted against them).

Rule 9(b) must be interpreted in harmony with Rule 8, which requires that a complaint

3

provide "a short and plain statement of the claim" made by "simple, concise, and direct allegations." *Id*. (quoting Fed. R. Civ. P. 8(a)). Under Rule 8, a complaint need not allege an exhaustive roadmap of a plaintiff's claims, but must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Twombly*, 550 U.S. 544 (2007)).  In other words, while Rule 9(b) adds particularity requirements for allegations of fraud or mistake, it should not be read to defeat the general policy of "simplicity and flexibility" in pleadings contemplated by the Federal Civil Rules. *See, e.g., Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 678 (6th Cir.1988) (quotation omitted).  While evidentiary details for a claim of fraud need not be alleged, there must be sufficient particularity in the pleading if the facts alleged are facts from which fraud will be necessarily implied.  *Romero v. Sanchez*, 83 N.M. 358, 492 P.2d 140 (1971).  At least some specific examples of the alleged false claims must be provided in the complaint.  *U.S. ex Rel. Downy v. Corning, Inc*., 118 F.Supp.2d 1160, 1173 (D.N.M. 2000).

The elements of fraud under New Mexico law are: (1) an untrue representation of fact was made by the defendant; (2) of which the falsity was known to, or the representation was recklessly made by, the defendant; (3) the defendant made the representation to deceive and to induce the plaintiff to rely on the representation; and (4) the plaintiff did in fact rely on the representation.  NM UJI 13-633 (NMRA 2002).

Plaintiffs describe the alleged fraud as Defendant's representation that OfficeMax had policies in place to protect Plaintiffs' property, contending that the fraud claim hinges on whether or not such a policy existed.  They claim that the statements made to them about backing up the electronic files were made in order to deceive Plaintiffs into giving OfficeMax the CDs and artwork binder.  Plaintiffs contend that Count II satisfies Rule 9(b)'s requirements,

pointing to specific allegations:  Plaintiffs spoke with Ms. Marianna Shoberg, an OfficeMax corporate accounts manager, who made the arrangements for OfficeMax;  Plaintiffs were told that OfficeMax would protect Plaintiffs' CDs and artwork binder by regularly backing them up; and that Plaintiffs suffered consequences by Ms. Shoberg's false statements.  These allegations in the Amended Complaint fall short of asserting a fraud claim, under both Rule 9(b) as well as the *Twombly/Iqbal* standard because Plaintiffs fail to plead each element of a fraud claim.  The Amended Complaint is devoid of any facts from which to infer that Ms. Shoberg's statements about OfficeMax's protection policies were made knowing they were false, or that they were made recklessly.  Also, there are no allegations implying that Defendant, through Ms. Shoberg, made those statements or representations in order to deceive Plaintiffs into leaving the CDs and artwork binder.  The Amended Complaint does not satisfy the requirements of Rule 12(b)(6) either.  Where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950.

Accordingly, Plaintiffs' claim of fraud in Count II is dismissed for failure to satisfy the requirements of both Rule 9(b) and Rule 12(b)(6).  Plaintiff's amended complaint contains no new allegations pertaining to fraud, and thus, Count II shall be dismissed with prejudice.[1]

## II.  Negligence and Conversion Claims (Counts III and IV)

Defendant contends that the economic loss rule bars Plaintiffs from bringing their

---

[1]  Defendants filed an earlier motion to dismiss (Doc. 6) which sought to dismiss the fraud claim in the initial complaint.  See Doc. 6.  After Defendants filed that motion, Plaintiff amended the complaint.  However, the amended complaint contains no more specificity regarding the fraud claim than the initial complaint.   For this reason, I see no reason to dismiss without prejudice, leaving open the possibility of Plaintiffs' seeking leave to file another amended complaint.

negligence and conversion claims, and that damages in this case should be limited to contract damages flowing from the alleged breach of contract claim in Count I.  Plaintiffs contend that Defendant's negligence and later conversion (loss of the CDs and binder) are valid  torts which bar the use of the economic loss rule.

New Mexico adopted its economic loss rule in the context of *Utah Intern., Inc. v. Caterpillar Tractor Co*., 108 N.M. 539 (N.M.App.,1989).   The purpose of the rule is not to bar the recovery of economic loss damages; rather, the rule bars recovery of such damages in tort. *In re Consolidated Vista Hills Retaining Wall Litigation*,  119 N.M. 542, 551 (N.M.,1995).  In commercial transactions, when there is no great disparity in bargaining power of the parties, economic losses are not recoverable in tort actions; such damages in commercial settings in New Mexico may only be recovered in contract actions.  *Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F.Supp.2d 1167, 1171-2 (D.N.M. 2006).  As a matter of policy, parties "should not be allowed to use tort law to alter or avoid the bargain struck in the contract.  The law of contract provides an adequate remedy."  *Id. (*citing *In re Consol. Vista Hills Retaining Wall Litig*., 119 N.M. at 550).

After hearing arguments of counsel on this issue, I have not come to a definitive resolution.  The Court is not necessarily discounting the possibility that the economic loss rule applies, but I will not make this determination at this time.  Defendant may raise this issue again, should Defendant decide to file a summary judgment motion later into discovery.   For this reason, I need not determine whether the exceptions to the economic loss rule apply in this case, such as whether the agreement between the parties here involves goods or services under the Uniform Commercial Code, or whether an independent tort exists on which Plaintiffs may base their negligence and conversion claims.

Defendants' arguments concerning the negligence and conversion claims are directed wholly toward their preclusion under the economic loss rule. Because I have not decided at this time whether the economic loss rule applies in this case, Plaintiffs' negligence and conversion claims in Counts III and IV will not be dismissed.

**III.     Whether Plaintiff May Amend the Complaint as of Right**

Based on my ruling regarding the fraud claim in Count II, it should be clear that Plaintiffs will not be allowed to amend the complaint further on that basis. However, it seems that Plaintiffs are under the misguided impression that they may continue to amend the Complaint as of right. *See* Doc. 14 at 6. This perception is not supported by the Federal Rules of Civil Procedure.

Rule 15(a) gives a plaintiff the right to amend a complaint *once*, as of right, within 21 days of serving it or receiving a responsive pleading or motion to dismiss. Fed.R.Civ.P. 15(a) (emphasis added); *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir.2010) (citation omitted). Plaintiffs have already amended their Complaint once as of right, and do not get another chance to do so without leave of Court. *See* Doc. 11; *Haagensen v. Supreme Court of Penn.*, 2010 WL 3157139.

Even if Plaintiffs had not already amended the complaint, they would still not be able to amend without leave of Court at this point. Defendant filed a Motion to Dismiss the Amended Complaint on September 19, 2011 (Doc. 12). The deadline for a timely amended complaint was October 10th (21 days from service of the motion to dismiss), and the docket does not indicate that an amended complaint was filed within that period of time.[2]

---

[2] Had Plaintiffs attempted to amend a second time, the Court would have stricken the pleading since Plaintiffs had already amended once as a matter of right.

7

**Conclusion**

In sum, I find and conclude that Plaintiffs' claim of fraud in Count II will be dismissed with prejudice for failure to satisfy the requirements of both Rule 9(b) and Rule 12(b)(6).

I make no findings herein regarding whether Plaintiffs' claims for negligence and conversion are barred by the economic loss rule at this time, and thus Defendants' motion is denied with regard to Counts III and IV.

Finally, Rule 15 does not allow Plaintiffs under the circumstances of this case to amend the complaint without leave of Court—nor does the Court make any findings here on the possible merits of a motion to amend.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss Amended Complaint (**Doc. 12**) is GRANTED in that Plaintiffs' claim of fraud, alleged in Count II of the Amended Complaint, is hereby **dismissed  with prejudice**;

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Amended Complaint (**Doc. 12**) is DENIED in that the Court makes no finding regarding whether the economic loss rule precludes Plaintiffs' claims of negligence and conversion, alleged in Counts III and IV. Thus, Defendants' motion is DENIED as to the dismissal of Counts III and IV.

_____
UNITED STATES DISTRICT JUDGE